# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
                                )
    v.                          )    ID No. 0909018475 A/B
                                  )
MICHAEL T. WASHINGTON, )
                                  )
    Defendant               )

Submitted: October 26, 2023[1]
Decided: October 30, 2023

*Upon Defendant Michael T. Washington's Motion Requesting an "Injunctive Administrative Hearing" and or Review of Criminal Case # 0909018475 A/B for Relief do [sic] to Amended Rule 16 Discovery and Inspection in the Superior Court and Violations of Washington's Constitutional Rights, Treated As a Motion for Postconviction Relief.*
**SUMMARILY DISMISSED.**

## ORDER

Carolyn Hake, Esquire, Deputy Attorney General, STATE OF DELAWARE DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801.

Michael T. Washington, James T. Vaugh Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

**WHARTON, J.**

---

[1] A certified copy of the Delaware Supreme Court's Order dated October 10, 2023 in *Washington v. State,* No. 325 2023 dismissing Washington's appeal was sent to the Prothonotary on October 26, 2023.

This 30th day of October, 2023, having considered Michael T. Washington's ("Washington") Motion Requesting an "Injunctive Administrative Hearing" and or Review of Criminal Case # 909018475 A/B for Relief do [sic] to Amended Rule 16 Discovery and Inspection in the Superior Court and Violations of Washington's Constitutional Rights,[2] it appears to the Court that:

1.      In November 2010, Washington was convicted by a Superior Court jury of  two counts each of Manslaughter and Possession of a Firearm During the Commission of a Felony in the shooting deaths of Leighton Francis and Amin Guy, and, in a subsequent bench trial, an additional severed count of Possession of a Firearm by a Person Prohibited.[3]  Washington was sentenced on February 11, 2011, to eighty-six years of imprisonment at Level V, suspended after sixty-four years for decreasing levels of supervision.[4]

2.      Washington appealed his convictions to the Delaware Supreme Court. He raised two issues on appeal: (1) the prosecutor committed misconduct when she referred to a cell phone call during her opening statement, and (2) the State's ballistic expert testified at trial, contrary to his report, that bullet fragments recovered in the

---

[2] D.I. ***
[3]*Washington v. State,* 2011 WL 4908250, at *1 (Del. 2011).
[4] *Id.*

700 block of E. 10th Street "matched" those recovered from the victim's bodies.[5] The Delaware Supreme Court affirmed Washington's convictions.[6]

3.      On March 7, 2012, Washington filed a timely *pro se* motion for postconviction relief pursuant to Rule 61,[7] which he later amended through appointed counsel on August 7, 2012.[8]  Later, Washington filed amendments to his *pro se* motion for postconviction relief in March 2016.[9]  Ultimately, Washington's postconviction relief motion was denied by the Superior Court.[10]  The Supreme Court affirmed that decision.[11]

4.      On May 24, 2017, Washington filed a timely petition for federal habeas relief.[12]  In April of 2019, Washington moved to stay the federal proceedings to "argue the newly discovered evidence in the Superior Court in order to properly exhaust his remedies and avoid any procedural issue[s]… in this district court."[13] The District Court granted his motion and stayed the matter.[14]  On August 30, 2019, Washington filed his second *pro se* Motion for Postconviction Relief and a Motion

---

[5] *Id*., at *3-4.
[6] *Id.*
[7] D.I. 64.
[8] D.I. 77.
[9] D.I. 139.
[10] *State v. Washington,* 2016 WL 6248462 (Del. Super. 2016).
[11] *Washington v. State,* 2017 WL 1573119 (Del. 2017).
[12] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 4, D. I. 182.
[13] Def.'s Second Mot. for Postconviction Relief, at 9, D.I. 173.
[14] *Id.*

for Appointment of Counsel.[15] On September 9, 2019, the Court directed the appointment of counsel.[16] Then, through counsel, Washington filed an amended second motion on April 28, 2020.[17]

5. In his second postconviction relief motion, Washington contended he was entitled to postconviction relief because newly discovered evidence created a strong inference that he was "actually innocent." He argued three pieces of new evidence existed that undermined confidence in the result of his trial. First, inmate witness Christopher Waterman ("Waterman") recanted his testimony.[18] Second, inmate witness Isaiah Fields ("Fields") was the beneficiary of a tacit sentence reduction agreement that was not disclosed to the defense, resulting in a *Brady* violation.[19] Third, the State's expert ballistics witness, Forensic Firearms Examiner Carl Rone ("Rone") misled the jury by misrepresenting his credentials and his identification methods have been shown to be "subjective and unreliable."[20] The State argued Washington was procedurally barred from asserting a claim under Rule 61 because: (1) it was untimely; (2) it was a successive motion; and (3) his claims related to Fields and Rhone were not raised on direct appeal or in his first

---

[15] Def.'s Mot. for Postconviction Relief, D.I. 163, 164.
[16] D.I. 165.
[17] Def.'s Second Mot. for Postconviction Relief, D.I. 173.
[18] Def.'s Second Mot. for Postconviction Relief, at 12, D.I, 173.
[19] *Id.*
[20] *Id.*

postconviction relief motion.[21] Additionally, the State argued that Washington had failed to overcome the bars to relief erected by Rule 61 because his claims were neither newly discovered, nor did they establish actual innocence.[22]

6. On November 9, 2021, this Court denied Washington's Second postconviction relief motion.[23] This Court held that Washington's motion was procedurally barred under Rule 61 because it was untimely, successive, and raised grounds not asserted previously. Further, the Court held that Washington failed to overcome those bars because the evidence he produced was either not newly discovered, failed to establish actual innocence, or both.[24] The Delaware Supreme Court affirmed this Court on April 7, 2022.[25]

7. Washington then asked this Court to set aside its judgment denying his second postconviction relief motion and grant him a new trial. He moved under Superior Court Civil Rules 60(b)(1), (3) and (6) and 55(c).[26] Rules 60(b)(1), (3) and (6) permit relief from a judgment due to mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other misconduct by an adverse party, or any other reason justifying relief. Rule 55(c) provides for relief from default judgments.

---

[21] State's Resp. to Def.'s Second Mot. for Postconviction Relief, at 11-15, D.I. 182.
[22] *Id.*, at 9.
[23] *State v. Washington,* 2021 WL 5232259 (Del. Super. Ct. Nov. 9, 2021).
[24] *Id.*
[25] *Washington v. State,* 2022 WL 1041267 (Del. 2022).
[26] D.I. 205.

A second motion, captioned Motion to Amend and Supplement appeared only to seek to amend the motion to include a reference to Superior Court Criminal Rule 57(d). That rule allows the application of an appropriate civil rule when no criminal rule applies. Treating the motion as one for postconviction relief under Rule 61, this Court summarily dismissed it as barred for substantially the same reasons it determined that his second Rule 61 motion was barred.[27] That decision was affirmed on September 6, 2022.[28]

8. On May 25, 2023, Washington moved to compel the various lawyers who had represented him in the course of this now closed litigation to produce their files to him.[29] The Court ascertained that Patrick J. Collins, Esquire, as the last attorney to represent Washington, was the only lawyer in possession of Washington's file.[30] It also learned that Mr. Collins, over the years, had sent Washington substantially all of what he was seeking.[31] The Court noted that Washington had nothing pending before the Court, and had exhausted his postconviction relief remedies in the Superior Court.[32] Thus, the Court considered

---

[27] *State v. Washington,* 2022 WL 1656008, at *2 (Del. Super. May 24, 2022).
[28] *Washington v. State,* 2022 WL 4088664 (Del. Sept. 6, 2022).
[29] D.I. 214.
[30] D.I. 219.
[35] D.I. 222.
[32] D.I. 219.

6

the matter an attorney/client dispute unsuited for Court intervention and denied the motion.[33]

9. Washington appealed that decision. On August 14, 2023, the Delaware Supreme Court entered an order dismissing his appeal because it had no jurisdiction to consider it as an interlocutory appeal.[34]

10. Perhaps anticipating the Supreme Court's action, and while his appeal of this Court's June 30th ruling was pending, Washington moved for certification of an interlocutory appeal on August 8th.[35] In the motion, without elaboration, he asserted that he had met the requirements of Supreme Court Rule 42, and repeated his claim before this Court that Mr. Collins is withholding exculpatory evidence that can show his innocence.[36]

11. After considering the motion, this Court found that its order denying Washington's Motion to Compel the production of his file did not determine a substantial issue of material importance that merits appellate review before a final judgment, and denied the application.[37] On October 10, 2023, the Delaware Supreme Court dismissed his appeal of that decision.[38]

---

[33] *Id.*
[34] *Washington v. State,* 2023 WL 5218143 (Del. Aug. 14, 2023).
[35] D.I. 226.
[36] *Id.*
[37] *State v. Washington,* 2023 WL 5608445 (Del. Super. Ct. Aug. 30, 2023).
[38] *Washington v. State,* 2023 WL 66199437 (Oct. 10, 2023).

12. Washington next filed the present motion. The motion begins with the salutation "Dear Administrator" and asks the "Administrator" for an "Injunctive Administrative Hearing" to render an unbiased decision "regarding the issues and conflicts that resulted in [his] 'Trial' and 'Appeal Process' being 'Fundamentally Unfair.'" He cites the recent amendment to Superior Court Criminal Rule 16 regarding discovery in an attempt to use it as a vehicle to challenge his conviction, arguing that his trial and appeal were fundamentally unfair. He asks the "Administrator" to investigate issues regarding State witnesses Isaiah Fields, Christopher Waterman, Carl Rone, and April Gardner raised in his second post-conviction relief motion. He also seeks discovery of purported witness statements taken by Det. John Ciritella under what would be a retroactive application of amended Rule 16.

13. There is much wrong with this motion. Although the Superior Court has a Court Administrator, that person has no adjudicative authority and is not authorized to conduct any type of hearings, much less "Injunctive Administrative Hearings." There is no such thing as an "Injunctive Administrative Hearing." This Court does not have the authority to grant injunctive relief. Finally, the amendment to Rule 16 became effective on September 1, 2023 and applies to "all cases initiated

in this Court by filing of a Criminal Information or return of an Indictment on or after that date."[39]

14. Washington's request for an "Injunctive Administrative Hearing" is nothing more than an attempt to invent a way to have the Court review his case outside of Rule 61. The Court cannot and will not conduct such a review. By its terms, Rule 61 is the exclusive remedy afforded to inmates seeking to set aside a judgment of conviction.[40] Accordingly, because this motion ultimately seeks to do exactly that, the Court treats it as a motion for postconviction relief. Washington's previous attempts at relief under Rule 61 either have been denied or summarily dismissed.

15. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[41] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[42] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final

---

[39] Order Amending Rule 16 of the Superior Court Rules of Criminal Procedure (May 17, 2023).
[40] Super. Ct. Crim. R. 61(a)(1) and (2).
[41] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[42] *Id.*

9

or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[43] A second or subsequent motion is repetitive and therefore barred.[44] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[45] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[46] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[47] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[48] Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[49]

---

[43] Super. Ct. Crim. R. 61(i)(1).
[44] Super. Ct. Crim. R. 61(i)(2).
[45] Super. Ct. Crim. R. 61(d)(2)(i).
[46] Super. Ct. Crim. R. 61(d)(2)(ii).
[47] Super. Ct. Crim. R. 61(i)(3).
[48] Super. Ct. Crim. R. 61(i)(4).
[49] *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021). *See also Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger,* 580 A.2d at 556; *State v. McNally,* 2011 WL 7144815, at *5 (Del. Super. Nov. 16 2011); *State v. Wright,* 2007 WL 1982834, at *1 n.2 (Del. Super. July 5, 2007).

16. Washington has failed overcome Rule 61's bars to relief, at least three of which apply. The motion is untimely, repetitive, and raises issues formerly adjudicated. To the extent it raises anything new, it is procedurally defaulted as well. He has failed to show cause for relief or prejudice from a violation of his rights.[50] Further, he has not overcome these bars to relief because he has not claimed that the Court lacked jurisdiction or pled with particularity actual innocence,[51] or a newly recognized, retroactively applied, rule of constitutional law that renders his conviction invalid.[52]

17. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[53] Here, it is plain to the Court from the motion and the record in this case that Washington is not entitled to relief.

**THEREFORE,** Defendant Michael T. Washington's Motion requesting an "Injunctive Administrative Hearing" and or review of Criminal Case #0909018475 A&B for Relief Do [sic] to Amended Rule 16 Discovery and Inspection in Superior Court and Violation of Washington's Constitutional Rights, treated as a Motion for

---

[50] Super. Ct. Crim. R. 61(i)(3).

[51] Washington's claims of actual innocence have been raised before and rejected. Further, purportedly new evidence in the form of an affidavit from Jeree Richardson, notarized on February 4, **2018**, is insufficient to substantiate a claim of actual innocence as well as being untimely.

[52] Super. Ct. Crim. R. 61(i)(5); 61(d)(2)(i) and (ii).

[53] Super. Ct. Crim. R. 61(d)(5).

11

Postconviction relief under Superior Court Criminal Rule 61 is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.